# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 14-792V
### Filed: August 27, 2015
Unpublished

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| MORGAN KRUGER, | * |
| | * |
| Petitioner, | * Damages Decision Based on Proffer; |
| | * Influenza; Shoulder Injury ("SIRVA") |
| | * Special Processing Unit ("SPU") |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Danielle Strait, Maglio Christopher and Toale, PA, Washington, D.C., for petitioner.*
*Camille Collett, U.S. Department of Justice, Washington, DC for respondent.*

## DECISION AWARDING DAMAGES[1]

**Vowell**, Chief Special Master:

On August 29, 2014, Morgan Kruger filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that she suffered a shoulder injury resulting from the administration of an influenza vaccine on Janary 10, 2013. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 21, 2014, I issued a ruling on entitlement, finding petitioner entitled to compensation for a Shoulder Injury Related to Vaccine Administration ("SIRVA"). On August 27, 2015, respondent filed a proffer on award of compensation ["Proffer"] indicating petitioner should be awarded $150,000.00, representing all elements of

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

compensation under 42 U.S.C. § 300aa-15(a) to which petitioner is entitled.  Proffer at 1.

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $150,000.00 in the form of a check payable to petitioner, Morgan Kruger.**  This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**s/Denise K. Vowell**
Denise K. Vowell
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| MORGAN KRUGER, | ) | **ECF** |
| | ) | |
| Petitioner, | ) | No. 14-792V |
| | ) | Chief Special Master |
| v. | ) | DENISE K. VOWELL |
| | ) | |
| SECRETARY OF HEALTH | ) | |
| AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On November 19, 2014, respondent filed a status report in which she conceded entitlement. On November 21, 2014, the Court issued a Ruling on Entitlement, finding that petitioner is entitled to compensation.   Respondent now proffers that petitioner receive an award of a lump sum of **$150,000.00,** in the form of a check payable to petitioner.   This amount represents compensation for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner is entitled.[1] This proffer does not address final attorneys' fees and litigation costs.   Petitioner is additionally entitled to reasonable attorneys' fees and litigation costs, to be determined at a later date upon petitioner submitting substantiating documentation.

Petitioner agrees with the proffered award of **$150,000.00,** as representing all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner is entitled.

---

[1]   Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief.   In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

MICHAEL P. MILMOE
Senior Trial Counsel
Torts Branch, Civil Division

s/Camille M. Collett
CAMILLE M. COLLETT
Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.   20044-0146
Telephone: (202) 616-4098

Dated:   August 27, 2015